Michael Kind, Esq. (SBN: 13903)
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

Sara F. Khosroabadi, Esq. (SBN: 13703)
HYDE & SWIGART
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (619) 233-7770
FAX: (619) 297-1022
sara@westcoastlitigation.com

David H. Krieger, Esq. (SBN: 9086)
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff, Kerri L. Van Horn*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KERRI L. VAN HORN,<br><br>              Plaintiff,<br><br>v.<br><br>ACCTCORP OF SOUTHERN NEVADA, BANK OF AMERICA, N.A., FORD MOTOR CREDIT COMPANY, LLC, OCWEN LOAN SERVICING, LLC, CITIBANK, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>              Defendants. | Case No.: 2:15-cv-02345-RFB-CWH<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Report-ing Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.   The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Kerri L. Van Horn ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants ACCTCORP OF SOUTHERN NEVADA ("AcctCorp"), BANK OF AMERICA, N.A. ("BANA"), FORD MOTOR CREDIT COMPANY, LLC ("Ford"), OCWEN LOAN SERVICING, LLC ("Ocwen"), CITIBANK ("Citibank") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian")   (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies

3. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

///

///

///

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

**JURISDICTION AND VENUE**

4.   This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq.; 28 U.S.C. §1331; *Smith v. Community Citibank, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5.   This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

6.   Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**PARTIES**

7.   Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.   Defendant AcctCorp is a corporation doing business in the State of Nevada. Defendant BANA is a corporation doing business in the State of Nevada. Defendant Ford is a corporation doing business in the State of Nevada. Defendant Ocwen is a corporation doing business in the State of Nevada. Defendant Citibank is a corporation doing business in the State of Nevada. Defendant Experian is a corporation doing business in the State of Nevada.

9.   Defendants AcctCorp, BANA, Ford, Ocwen and Citibank are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

10.   Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

and uses interstate commerce to prepare and/or furnish the reports. Experian is "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f), doing business with its principal place of business in Ohio.

11.   Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## GENERAL ALLEGATIONS

12.   On or about April 30, 2014, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 14-13027 (the "Bankruptcy").

13.   The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

14.   None of the Defendants filed any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 et seq.

15.   None of the Defendants obtained relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq*. while Plaintiff's Bankruptcy was pending to pursue Plaintiff on any *personal* liability.

16.   On August 7, 2014, Plaintiff received a Bankruptcy discharge.

17.   Accordingly, the Debts to Defendants were discharged through the Bankruptcy on August 7, 2014.

18.   Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for the creditor-Defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

19.   However, Defendants either reported or caused to be reported inaccurate information as discussed herein.

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

20. Defendants' reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on Defendants' pre-bankruptcy contract terms with Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate."

21. The adverse information reported by Defendants was based on each Defendants' improper enforcement and reporting of pre-bankruptcy obligations, where such reporting failed to comply with Plaintiff's Bankruptcy.   Failing to report consistent with bankruptcy discharge was therefore inaccurate, since all Plaintiff's pre-bankruptcy creditors were subject to the Bankruptcy.

22. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

23. To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

24. The Metro 2 Format guidelines for credit reporting are nearly identical for reports made during the "Months Between Petition Filed and BK Resolution" for Debtors and furnishers who choose to report post-bankruptcy credit information to CRAs.   *See* CDIA Credit Reporting Resource Guide, page 6-20, 21.

25. Notably, the payment history and account status guidelines are the same, meaning that the "payment history" and "account status" should be reported the same way both during and after a bankruptcy proceeding. *Id.*

26. The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0). *Id.*

27. Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed. *Id*.

28. Courts rely on such guidance to determine furnisher liability. *See*, *e.g.*, *In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation 'Discharged in bankruptcy' and with a zero balance due").

29. Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed Bankruptcy, as further set forth below. To this end, the adverse reporting on Plaintiff's report departs from the credit industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

**ACCTCORP OF SOUTHERN NEVADA MISREPORTED CREDIT INFORMATION**
**RE: ACCOUNT NO. D132227N1**

30. In an Experian credit report dated December 29, 2014, AcctCorp inaccurately reported that Plaintiff's account was in collections for May 2014 (C - collections).  This was inaccurate since Plaintiff filed for Bankruptcy on April 30, 2014 and the account was discharged in the bankruptcy.

31. On or about March 18, 2015, Plaintiff disputed AcctCorp's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by AcctCorp.

32. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

This account was discharged in my Bankruptcy which was filed on 4/30/2014 and discharged 8/07/2014, bearing docket No. 14-13027 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: May2014 (C—Collection).

33.   The Experian Dispute Letter further requested:

Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

The discharged debt should be reported with an account balance of $0 with a status of "current".

Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2014, since a default on this account occurred no later than the Bankruptcy filing date.

Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

34.   Upon receiving that Experian Dispute Letter, Experian timely notified AcctCorp of Plaintiff's dispute, but Experian and AcctCorp continued reporting derogatory information.

35.   Experian and AcctCorp were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

36.   On or about March 31, 2015, Plaintiff received notification from Experian that AcctCorp and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account "may be considered negative."

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

37.  A reasonable investigation by these Defendants would have indicated that Plaintiff filed for bankruptcy and that Plaintiff obtained a discharge.

38.  Experian and AcctCorp failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

39.  Experian and AcctCorp re-reported the inaccurate derogatory information on Plaintiff's report.  Specifically, Experian and AcctCorp re-reported May 2014 (C - Collections).

40.  AcctCorp and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

41.  AcctCorp and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

42.  Due to AcctCorp's and Experian's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

43.  Plaintiff's continued efforts to correct AcctCorp's and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with AcctCorp and Experian were fruitless.

44.  AcctCorp's and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

45.  Also as a result of AcctCorp's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

1   Defendants' wrongful representations, damage to Plaintiff's creditworthiness,

2   and emotional distress.

3   46.   By inaccurately reporting account information relating to the discharged debt

4   after notice and confirmation of its errors, AcctCorp and Experian failed to

5   take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)

6   (D) and (E).

7   **BANK OF AMERICA, N.A. MISREPORTED CREDIT INFORMATION**

8   **RE: ACCOUNT NO. 6818011477***

9   47.   In an Experian credit report dated December 29, 2014, BANA inaccurately

10   reported account balances from May 2014 through October 2014.   Since

11   Plaintiff filed for bankruptcy in April 2014 and discharged BANA's debt,

12   there was a $0 balance due any time after the filing date and reporting the

13   balance was inaccurate resulting from the Bankruptcy discharge.

14   48.   BANA also reported the account "past due" for July 2014. This was

15   inaccurate, since Plaintiff filed for bankruptcy in April 2014 and it was

16   inaccurate for BANA to report that Plaintiff was "past due" after the Chapter

17   7 filing.

18   49.   On or about March 18, 2015, Plaintiff disputed BANA's reported information

19   regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian,

20   in writing, of the incorrect and inaccurate credit information furnished by

21   BANA.

22   50.   Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the

23   "Experian Dispute Letter"), requesting the above inaccurate and incorrect

24   derogatory information be removed as follows:

26   This account was discharged in my Bankruptcy which was filed
   on 4/30/2014 and discharged 8/07/2014, bearing docket No.

27   14-13027 in the District for Nevada. There should be no
   derogatory reporting after the filing date. Specifically, please

remove the derogatory information for the following post-bankruptcy dates: Jul2014 (30 days past due).

This account was discharged in my Bankruptcy which was filed on 4/30/2014 and discharged 8/07/2014, bearing docket No. 14-13027 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current".   Specifically, you show in the Account history Account Balances from May14—Oct14.

51.   The Experian Dispute Letter further requested:

Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

The discharged debt should be reported with an account balance of $0 with a status of "current".

Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2014, since a default on this account occurred no later than the Bankruptcy filing date.

Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

52.   Upon receiving that Experian Dispute Letter, Experian timely notified BANA of Plaintiff's dispute, but Experian and BANA continued reporting derogatory information.

53.   Experian and BANA were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

54. On or about March 31, 2015, Plaintiff received notification from Experian that BANA and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

55. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for bankruptcy and that Plaintiff obtained a discharge.

56. BANA and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

57. BANA and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

58. Experian and BANA re-reported the inaccurate derogatory information on Plaintiff's report.   Specifically, Experian and BANA re-reported account balances from May 2014 through November 2014 and that the account was "past due" for July 2014.

59. Due to BANA's and Experian's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

60. Plaintiff's continued efforts to correct BANA's and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with BANA and Experian were fruitless.

61. BANA's and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.   Plaintiff is, accordingly, eligible for statutory damages.

62. Also as a result of BANA's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants'

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

63. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, BANA and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### BANK OF AMERICA, N.A. MISREPORTED CREDIT INFORMATION
### RE: ACCOUNT NO. 5920201071*

64. In an Experian credit report dated December 29, 2014, BANA inaccurately reported account balances from May 2014 through August 2014.   Since Plaintiff filed for bankruptcy in April 2014 and discharged BANA's debt, there was a $0 balance due any time after the filing date and reporting the balance was inaccurate resulting from the Bankruptcy discharge.

65. On or about March 18, 2015, Plaintiff disputed BANA's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by BANA.

66. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was filed on 4/30/2014 and discharged 8/07/2014, bearing docket No. 14-13027 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current".   Specifically, you show in the Account history Account Balances from May14—Aug14.

67. The Experian Dispute Letter further requested:

> Immediately delete this account and the disputed derogatory

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

information from [Plaintiff's] credit report.

The discharged debt should be reported with an account balance of $0 with a status of "current".

Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2014, since a default on this account occurred no later than the Bankruptcy filing date.

Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

68. Upon receiving that Experian Dispute Letter, Experian timely notified BANA of Plaintiff's dispute, but Experian and BANA continued reporting derogatory information.

69. Experian and BANA were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

70. On or about March 31, 2015, Plaintiff received notification from Experian that BANA and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

71. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for bankruptcy and that Plaintiff obtained a discharge.

72. BANA and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

73. BANA and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

74. Experian and BANA re-reported the inaccurate derogatory information on Plaintiff's report.   Specifically, Experian and BANA re-reported account balances from May 2014 through August 2014.

75. Due to BANA's and Experian's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

76. Plaintiff's continued efforts to correct BANA's and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with BANA and Experian were fruitless.

77. BANA's and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.   Plaintiff is, accordingly, eligible for statutory damages.

78. Also as a result of BANA's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

79. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, BANA and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FORD MOTOR CREDIT COMPANY, LLC MISREPORTED CREDIT INFORMATION RE: ACCOUNT NO. 4715*

80. In an Experian credit report dated December 29, 2014, Ford inaccurately reported account balances from May 2014 through November 2014.   Since Plaintiff filed for bankruptcy in April 2014 and discharged Ford's debt, there

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

1   was a $0 balance due any time after the filing date and reporting the balance

2   was inaccurate resulting from the Bankruptcy discharge.

3   81.   On or about March 18, 2015, Plaintiff disputed Ford's reported information

4   regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian,

5   in writing, of the incorrect and inaccurate credit information furnished by

6   Ford.

7   82.   Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the

8   "Experian Dispute Letter"), requesting the above inaccurate and incorrect

9   derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was filed
> on 4/30/2014 and discharged 8/07/2014, bearing docket No.
> 14-13027 in the District for Nevada. The balance on this
> account should be "$0" and the status should be reporting as
> "current".   Specifically, you show in the Account history
> Account Balances from May14—Nov14.

83.   The Experian Dispute Letter further requested:

> Immediately delete this account and the disputed derogatory
> information from [Plaintiff's] credit report.
>
> The discharged debt should be reported with an account balance
> of $0 with a status of "current".
>
> Further, there should be no post-bankruptcy activity reported on
> this account. The date of last activity on this account should
> pre-date my bankruptcy filing date, 4/30/2014, since a default
> on this account occurred no later than the Bankruptcy filing
> date.
>
> Any post-bankruptcy derogatory information should be
> immediately deleted from [Plaintiff's] report.
>
> If [Experian] do[es] not immediately delete this from
> [Plaintiff's] credit report, please include a 100-word statement
> in my credit report of all of the disputed information contained

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

in this letter regarding this account.

84. Upon receiving that Experian Dispute Letter, Experian timely notified Ford of Plaintiff's dispute, but Experian and Ford continued reporting derogatory information.

85. Experian and Ford were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

86. On or about March 31, 2015, Plaintiff received notification from Experian that Ford and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

87. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for bankruptcy and that Plaintiff obtained a discharge.

88. Ford and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(A).

89. Ford and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

90. Experian and Ford continued to report inaccurate derogatory information on Plaintiff's report.  Specifically, Experian and Ford reported account balances from May 2014 through February 2015.

91. Due to Ford's and Experian's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

92. Plaintiff's continued efforts to correct Ford's and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Ford and Experian were fruitless.

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

93. Ford's and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

94. Also as a result of Ford's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

95. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Ford and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### OCWEN LOAN SERVICING, LLC MISREPORTED CREDIT INFORMATION RE: ACCOUNT NO. 100003*

96. In an Experian credit report dated December 29, 2014, Ocwen inaccurately reported account balances from May 2014 through July 2014.  Since Plaintiff filed for bankruptcy in April 2014 and discharged Ocwen's debt, there was a $0 balance due any time after the filing date and reporting the balance was inaccurate resulting from the Bankruptcy discharge.

97. On or about March 18, 2015, Plaintiff disputed Ocwen's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Ocwen.

98. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was filed on 4/30/2014 and discharged 8/07/2014, bearing docket No.

14-13027 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current."   Specifically, in the Account History you show Account Balances from May14—Jul14.

99.   The Experian Dispute Letter further requested:

Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

The discharged debt should be reported with an account balance of $0 with a status of "current".

Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2014, since a default on this account occurred no later than the Bankruptcy filing date.

Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

100.   Upon receiving that Experian Dispute Letter, Experian timely notified Ocwen of Plaintiff's dispute, but Experian and Ocwen continued reporting derogatory information.

101.   Experian and Ocwen were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

102.   On or about March 31, 2015, Plaintiff received notification from Experian that Ocwen and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account "may be considered negative."

103.   A reasonable investigation by these Defendants would have indicated that Plaintiff filed for bankruptcy and that Plaintiff obtained a discharge.

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

104. Ocwen and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(A).

105. Ocwen and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

106. Experian and Ocwen re-report inaccurate derogatory information on Plaintiff's report.   Specifically, Experian and Ocwen re-reported account balances from May 2014 through July 2014.

107. Due to Ocwen's and Experian's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

108. Plaintiff's continued efforts to correct Ocwen's and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Ocwen and Experian were fruitless.

109. Ocwen's and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.   Plaintiff is, accordingly, eligible for statutory damages.

110. Also as a result of Ocwen's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

111. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Ocwen and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**CITIBANK MISREPORTED CREDIT INFORMATION**

**RE: ACCOUNT NO. 603532029748\***

112. In an Experian credit report dated December 29, 2014, Citibank inaccurately reported that it "charged off" the account for May 2014 (CO - Charge Off). This was inaccurate since Plaintiff filed for bankruptcy in April 2014 and discharged Citibank's debt, there was a $0 balance due any time after the filing date and reporting the "charge off" was inaccurate resulting from the Bankruptcy discharge.

113. On or about March 18, 2015, Plaintiff disputed Citibank's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Citibank.

114. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

> This account was discharged in my Bankruptcy which was filed on 4/30/2014 and discharged 8/07/2014, bearing docket No. 14-13027 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: May2014 (CO—Charge Off).

115. The Experian Dispute Letter further requested:

> Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

> The discharged debt should be reported with an account balance of $0 with a status of "current".

> Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2014, since a default on this account occurred no later than the Bankruptcy filing

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

1

date.

2

3

Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

4

5

6

If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

7

8

9

116. Upon receiving that Experian Dispute Letter, Experian timely notified Citibank of Plaintiff's dispute, but Experian and Citibank continued reporting derogatory information.

10

11

117. Experian and Citibank were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

12

13

14

15

118. On or about March 31, 2015, Plaintiff received notification from Experian that Citibank and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

16

17

119. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for bankruptcy and that Plaintiff obtained a discharge.

18

19

20

120. Citibank and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(A).

21

22

23

121. Citibank and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

24

25

26

122. Experian and Citibank re-report inaccurate derogatory information on Plaintiff's report.  Specifically, Experian and Citibank re-reported May 2014 (CO - Charge Off).

27

28

123. Due to Citibank's and Experian's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

124. Plaintiff's continued efforts to correct Citibank's and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Citibank and Experian were fruitless.

125. Citibank's and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

126. Also as a result of Citibank's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to Plaintiff's creditworthiness, and emotional distress.

127. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Citibank and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

<strong>FIRST CAUSE OF ACTION</strong>

<strong>VIOLATION OF THE FAIR CREDIT REPORTING ACT</strong>

<strong>15 U.S.C. § 1681 ET SEQ. (FCRA)</strong>

128. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

129. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

130. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

131. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

• an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

• an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

• an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

• award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

• any other relief the Court may deem just and proper.

KAZEROUNI LAW GROUP, APC
NEVADA, CALIFORNIA

**TRIAL BY JURY**

132.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 7th day of January 2016.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  /s/ Michael Kind
Michael Kind, Esq.
7854 W. Sahara Avenue
Las Vegas, NV 89117
*Attorney for Plaintiff*