GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
MATTHEW A. WALKER, ESQ.
Nevada Bar No. 13275
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
T. (702) 362-6666
F. (702) 362-2203
gschnitzer@ksjattorneys.com
mwalker@ksjattorneys.com
*Attorneys for Defendant,*
*FORD MOTOR CREDIT COMPANY, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KERRI L. VAN HORN,<br><br>Plaintiff,<br><br>vs.<br><br>ACCTCORP OF SOUTHERN NEVADA, BANK OF AMERICA, N.A., CAPITAL ONE, FORD MOTOR CREDIT COMPANY, LLC, CITIBANK, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 2:15-cv-02345-RFB-CWH<br><br>**DEFENDANT FORD MOTOR CREDIT COMPANY, LLC'S RENEWED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Comes now Defendant FORD MOTOR CREDIT COMPANY, LLC (hereinafter "FMC"), by and through its attorneys GARY E. SCHNITZER, ESQ., and MATTHEW A. WALKER, ESQ., and hereby submits its Renewed Motion to Dismiss Defendant's First Amended Complaint

Plaintiff filed her Complaint in the Eighth Judicial District Court of Nevada on November 16, 2015. Plaintiff's case was removed to the District of Nevada on December 9, 2015. On December 21, 2015, Defendant Ford Motor Credit ("FMC") filed its Motion to Dismiss.

While a response to that Motion was pending, Plaintiff timely filed a First Amended Complaint on January 7, 2016. Plaintiff's First Amended Complaint made some alterations to the original Complaint. The only material substantive change apparent in the First Amended Complaint is Plaintiff's allegation that she has continued to suffer damages as a result of FMC's conduct. First Am. Compl. ¶ 94. However, for this Court's convenience, and out of an abundance of caution, FMC hereby RENEWS its Motion to Dismiss, with edits, where appropriate, pointing to the new corresponding paragraphs in Plaintiff's First Amended Complaint. *See* 6 Federal Practice & Procedure § 1476 at 637-638 (3rd ed. 2011) (noting that defendants may, but are not required to file an "amended pleading . . . introduced while their motion was pending.")

This Motion is based on the accompanying Memorandum of Points and Authorities, all pleadings and papers on file herein, and on any oral argument this Court may entertain at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In her Complaint, Plaintiff KERRI VAN HORN ("Plaintiff") alleges FMC violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (FCRA) when it furnished information to Experian Information Services, LLC (Experian) that Plaintiff had a major delinquency on, among other things, an FMC account. Plaintiff alleges that this information was inaccurate and that FMC violated the FCRA by failing to delete or "correct" this reporting. Plaintiff, however, does not allege that she was current on the FMC Account during the subject time period. Instead, Plaintiff alleges that because she filed bankruptcy on April 30, 2014, and was discharged on August 7, 2014, no derogatory information regarding the FMC Account should have been furnished to credit reporting agencies thereafter or while her bankruptcy proceeding was pending.

Plaintiff's FCRA claim fails as a matter of law, however, because the reporting of delinquencies during the pendency of a bankruptcy proceeding or after discharge is not

inaccurate under the FCRA. In fact, District Courts within the Ninth Circuit have specifically held that such conduct cannot form the basis of an FCRA claim. As one Court in the Northern District of California found, "the FCRA does not prohibit the accurate reporting, after discharge, of debts that were delinquent during the pendency of the bankruptcy action... [r]eporting this information is neither inaccurate nor misleading." *Mortimer v. FMC, NA.*, No. C-12-01959-JCS, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013).

Plaintiff contends that it is inaccurate to report delinquencies during the pendency of a bankruptcy proceeding because, according to Plaintiff, such reporting violates the automatic bankruptcy stay imposed by 11 U.S.C. § 362 *et seq.,* which imposes a stay on a creditor's collection activities while a debtor is in bankruptcy. Plaintiff's argument is without merit, however, as District Courts within the Ninth Circuit have expressly held that the automatic stay provisions of the Bankruptcy Code do not render an otherwise accurate report of a delinquency inaccurate for the purposes of the FCRA. Additionally, in her Complaint, Plaintiff has added the allegation that FMC's reporting allegedly failed to comply with the Consumer Data Industry Association's Metro 2 guidelines. Plaintiff, however, does not allege what these guidelines are, nor does she allege that FMC is obligated to comply with these guidelines. In any event, as is true with her other arguments, Courts within the Ninth Circuit have rejected the argument that failure to comply with the Metro 2 format by furnishing information regarding post-petition delinquencies somehow renders the reporting inaccurate. For these reasons, the Complaint should be dismissed as to FMC without leave to amend.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that she filed Bankruptcy with the United States Bankruptcy Court for the District of Nevada on or about April 30, 2014. First Am. Compl. ¶ 12. The debt owed on the FMC Account was included in Plaintiff's bankruptcy schedules. First Am. Compl. ¶ 13. On or about August 7, 2014, Plaintiff received a bankruptcy discharge. First Am. Compl. ¶ 16.

After Plaintiff received a bankruptcy discharge, she received an Experian credit report, dated December 29, 2014, which reported historical credit information pertaining to the

FMC Account. First Am. Compl. ¶ 80. According to the Experian credit report, FMC reported account Balances from May 2014 through November 2014. *Id.* Plaintiff does not allege how the information that FMC reported during the above time period was either inaccurate or derogatory. Instead, Plaintiff simply claims that it was error for FMC to continue to report the "derogatory" information after she filed for bankruptcy. *See* First Am. Compl. ¶¶ 81-95. Plaintiff alleges that "while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for the creditor-Defendants to report any post-Bankruptcy derogatory collection information[.]"First Am. Compl. ¶ 18. Plaintiff states that FMC's "reporting post-Bankruptcy derogatory information was inaccurate and misleading in that Defendants continued reporting information based on Defendants' pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information 'inaccurate.'" First Am. Compl. ¶ 20. Plaintiff additionally claims that FMC's reporting "did not comply with the Consumer Data Industry Association's Metro 2 reporting standards[.]" First Am. Compl. ¶ 22.

Plaintiff alleges that she disputed the reporting on the FMC Account on or about March 18, 2015, with Experian. First Am. Compl. ¶ 81. Based on these allegations, Plaintiff asserts a single cause of action for violation of the FCRA against FMC

### III.   LEGAL ARGUMENT

#### A.   Standard For Motion to Dismiss Under Rule 12(b)(6).

A Motion to Dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the Complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The function of this pleading requirement is to "give the Defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiffs

obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). A Complaint does not suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to Plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Motion to Dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *See also Twombly*, 550 U.S. at 555.

### B.  Plaintiff Fails To State A Cause of Action For Violation of The FCRA

#### 1.  Furnishing accurate account information on the FMC account post-bankruptcy does not give rise to a cause of action.

The sole cause of action that Plaintiff asserts in her Complaint is for violation of the FCRA. The FCRA imposes obligations on persons or entities, such as creditors, that "furnish" information to credit reporting agencies. *See* 15 U.S.C. § 1681s-2. There are two (2) components to a furnisher's obligations under Section 1681 s-2 of the FCRA. Subsection (a) of Section 1681 s-2 sets forth a furnisher's duty to report "accurate information" to the credit reporting agencies. Subsection (b) of Section 1681s-2 sets forth a furnisher's duty to conduct an investigation in response to a notice of dispute from a credit reporting agency. Although furnishers have obligations under both subsections, only subsection (b) contains a private right of action. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009).

Under Section 1681 s-2(b), a furnisher is required to conduct a "reasonable investigation" in response to notice from a credit reporting agency that a consumer disputes the accuracy of the furnisher's credit reporting. *Gorman*, 584 F.3d at 1155-56. If the furnisher's investigation determines that information being reported is "inaccurate or incomplete," the furnisher must update its reporting accordingly and prevent future misreporting by "modify[ing]

5

that item of information," "delet[ing] that item of information," or "permanently block[ing] the reporting of that item of information." 15 U.S.C. § 1681 s-2(b)(1)(E)(i)-(iii).

In order to state a claim under the FRCA, a Plaintiff must allege that an inaccuracy existed in her credit reports. *Carvalho v. Experian Information Services*, LLC, 629 F.3d 876, 890 (9th Cir. 2010) (holding that although the FCRA "does not on its face require that an actual inaccuracy exist for a Plaintiff to state a claim, many Courts, including our own, have imposed such a requirement"): *Kruse v. Experian Information Solutions, Inc.*, 471 Fed. App'x. 714, 715 (9th Cir. 2012) (holding that inaccuracies in credit report were required to maintain FCRA claim); *Klaizner v. Countrywide Financial*, *No.* 2:14-CV-1543 JCM, 2015 WL 627927, at *5 (D. Nev. Feb. 12, 2015) (holding that an element of an FCRA claim against a furnisher of credit information is an inaccuracy in the Plaintiff's credit report); *Giovanni v. FMC N.A.*, C 12-02530, 2012 WL 6599681, *5 (N.D. Cal., Dec. 18, 2012) ("The Court first considers whether [Defendant] reported inaccurate information and, if necessary, then considers whether it is liable for failing to correct that information"); *Mortimer v. JP Morgan Chase Bank, N.A.*, C 12-1936-CW, 2012 WL 3155563, *3 (N.D. Cal. August 2, 2012) ("This [FCRA] claim is insufficiently alleged because Mortimer has not asserted that [the bank] reported incomplete or inaccurate information in the first place.").

Here, Plaintiff alleges that FMC illegally furnished information when it reported information on the FMC Account that existed after Plaintiff filed her bankruptcy petition. *See* First Am. Compl. ¶ 18. Additionally, Plaintiff states that FMC reporting this post-bankruptcy information was inaccurate where it was based on pre-bankruptcy contract terms. First Am. Compl. ¶¶ 18-22. Specifically, Plaintiff alleges that FMC erred by reporting account balances after April 30, 2014, because Plaintiff filed Bankruptcy on April 30, 2014. *See* First Am. Compl. ¶¶ 81-95. Plaintiff states this information was "derogatory" but does not explain how or why. *Id.*

Several District Courts, including those within the Ninth Circuit, have expressly rejected the exact argument made by Plaintiff, and have specifically held that a debt remains valid prior to a bankruptcy discharge and can be reported during bankruptcy proceedings. *See Mortimer*, 2012 WL 3155563 at *2-4 (dismissing Complaint where Plaintiff alleged that creditor

furnished delinquencies on account after Plaintiff filed bankruptcy; Court held that such information was not inaccurate under the FCRA); *Giovanni*, 2012 WL 6599681 at *5-6 (holding same); *Mortimer v. FMC*, 2013 WL 1501452, at *9-11 (holding same); *Sheridan v. FIA Card Services*, *NA.*, C13-01179-HRL, 2014 WL 587739, *5 (N.D. Cal. Feb. 14, 2014) (holding that it was it was "factually accurate" for Defendant to report that Plaintiffs accounts were past due during the months while her bankruptcy was pending, and further explaining, that such reporting of historically accurate information does not later become inaccurate under the FRCA when the debts are subsequently discharged through bankruptcy").[1]

In *Giovanni I,* the Plaintiff alleged that the Defendant creditor furnished inaccurate information when it reported that Plaintiff was delinquent on her credit card payments between the date she filed her bankruptcy petition and the date the bankruptcy Court discharged her debt. *Giovanni*, 2012 WL 6599681 at * 1. The Plaintiff alleged that it was misleading for the creditor to report her failure to pay while her bankruptcy case was pending. *Id.* at *5. The Court disagreed, finding that accurate reporting of delinquencies during the pendency of a bankruptcy proceeding was not actionable under the FCRA. *Id.* at *5-6. The Court ultimately dismissed these claims with prejudice. *See Giovanni v. FMC, N.A.*, 2013 WL 1663335, at *9 (N.D. Cal. Apr. 17, 2013). In doing so, the Northern District of California held that the reporting of Plaintiff's credit balance as "charged off" prior to the date of the bankruptcy discharge similarly did not support liability under the FCRA. *See Id.* at *7 ("The facts are that Giovanni owed money, she filed for bankruptcy, and stopped making, payments. Before her bankruptcy was discharged, [Defendant] charged off the balance due . . . Giovanni does not explain what is inaccurate here.").

As was the case in the *Giovanni,* Plaintiff in this case alleges that after she received

---

[1] *See also Harrold v. Experian Information Solutions, Inc.,* C 12-02987-WHA, 2012 WL 4097708, *4 (N.D. Cal. Sept. 17, 2012) ("[R]eports of delinquencies in payment while bankruptcy proceedings are still ongoing is not 'incomplete or inaccurate' information" within the meaning of the FCRA); *Evans v. Mercedes Benz Fin. Servs., LLC,* No. 11-11450, 2011 WL 2936198, at *3 (E.D. Mich. July 21, 2011) ("[P]laintiff alleges that [Defendant] reported 'an invalid debt on Plaintiffs' [sic] credit reports,'" but "her debt remained valid because Plaintiff defaulted on the [credit obligation] and had not been discharged in bankruptcy as of

a discharge in bankruptcy she learned that FMC furnished information pertaining to Account balances from "May 2014 through November 2014 in the Account History Section[.]" Compl. ¶ 105. Plaintiff does not explain how this was inaccurate. Moreover, Plaintiff fails to explain how this information is derogatory. Based on the law set forth above, Plaintiff does not set forth any allegations that the furnishing of the delinquency for the above time period was inaccurate. *Giovanni*, 2013 WL 1663335, at *9; *Mortimer v. Chase,* 2012 WL 3155563 at *2-6.

Plaintiff contends that the reporting by FMC was inaccurate because the reporting was "based on Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information 'inaccurate.'" Compl. ¶ 22. However, this allegation completely contradicts the case law cited above. In each of the cases cited by FMC, the Court specifically held that the post-petition reporting of account information, where that information was based on an account's initial terms, was not inaccurate as a matter of law. *See e.g. Giovanni*, 2013 WL 166335, at *7; *Mortimer v. Chase,* 2012 WL 3155563, *3; *Evans,* 2011 WL 2936198, *3 (holding that debt remained "valid" prior to discharge in bankruptcy).

      **2.**    **Plaintiff's allegation that FMC violated the FCRA by reporting post-discharge on the FMC account in alleged violation of the bankruptcy stay should be dismissed.**

Plaintiff also alleges that FMC furnished inaccurate information under the FCRA because it violated the automatic bankruptcy stay imposed by 11 U.S.C. § 362 when it reported information with respect to the FMC Account during the pendency of the bankruptcy proceedings. *See* First Am. Compl. ¶¶ 5, 128-31. Again, however, this argument has been squarely rejected by District Courts within the Ninth Circuit. For example, in *Mortimer v. FMC,* 2013 WL 1501452, at *10, the Court explained, "The automatic stay does not render an otherwise accurate report of a delinquency inaccurate for the purposes of the FCRA." Similarly, in *Mortimer v. Chase*, 2012 WL 3155563, at *3, the Court held that the reporting of delinquencies on an account that existed after a bankruptcy petition was filed is

---

the date of the Complaint.").

not inaccurate under the FCRA as a violation of the automatic bankruptcy stay. This is because the automatic stay provision of the Bankruptcy Code "does not stand for the proposition that an individual is not obliged to make timely payments on his accounts while his petition for bankruptcy is pending." *Id.*; *See also Giovanni*, 2012 WL 6599681, * 5 (holding same).

### 3. Plaintiff's allegation that FMC reported inaccurate information because it did not comply with Metro 2 reporting standards is without merit and must be dismissed.

Plaintiff's final argument is that FMC's reporting was inaccurate because it failed to comply with the Consumer Data Industry Association's Metro 2 reporting standards. The District Court in Court in *Giovanni* specifically rejected an identical claim by the Plaintiff in that case on the grounds that the Plaintiff had not alleged that FMC's failure to comply with the Metro 2 standards rendered its reporting inaccurate or incomplete. *Giovanni*, 2013 WL 1663335, *6; *See also Mortimer v. FMC*, 2013 WL 1501452, *12 ("Defendant's alleged non-compliance with the Metro 2 Format is an insufficient basis to state a claim under the FCRA"). Similarly, Plaintiff in this case does not allege what the Metro 2 standards are or how FMC's reporting was allegedly non-compliant, nor does Plaintiff even allege any facts that FMC was required to follow the Metro 2 format. In fact, Plaintiff simply alleges that these standards exist to "provide[] guidance." First Am. Compl. ¶ 22. Accordingly, Plaintiff's allegation that FMC failed to comply with the Metro 2 format, even if true, does not give rise to a claim under the FCRA.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

## IV. CONCLUSION

Plaintiff has not alleged that FMC furnished any inaccurate or derogatory information regarding the FMC Account to Experian. This fact is fatal to Plaintiff's FCRA claim and, therefore, the Complaint should be dismissed without leave to amend.

DATED this 20th day of January, 2016.

          KRAVITZ, SCHNITZER & JOHNSON, CHTD.

By: */s/Matthew A. Walker, Esq.*
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
MATTHEW A. WALKER, ESQ.
Nevada Bar No. 13275
8985 S. Eastern Avenue, Ste. 200
Las Vegas, Nevada 89123
T. (702) 362-6666
F. (702) 362-2203
gschnitzer@ksjattorneys.com
mwalker@ksjattorneys.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY pursuant to Rule 5 of the Federal Rules of Civil Procedure that on the 20th day of January, 2016, the foregoing *DEFENDANT FMC-OMAHA SERVICE CENTER'S RENEWED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT* was served via CM/ECF on all parties listed below:

Michael Kind, Esq.
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
T. (800) 400-6808x7
F. (800) 520-5523
Email: mkind@kazlg.com
*Attorney for Plaintiff,*
*KERRI L. VAN HORN*

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
T. (702) 880-5554
F. (702) 385-5518
Email: dkriegerl@hainesandkrieger.com
*Attorneys for Plaintiff,*
*KERRI L. VAN HORN*

Sara Khosroabadi, Esq.
HYDE & SWIGART
7854 W. Sahara Avenue
Las Vegas, NV 89117
T. (619) 233-7770
F. (619) 297-1022
Email: Sara@westcoastlitigation.com
*Attorney for Plaintiff,*
*KERRI L. VAN HORN*

Natalie C. Lehman, Esq.
WRIGHT, FINLAY & ZAK, LLP
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
T. (702) 475-7964
F. (702) 946-1345
Email: dnitz@wrightlegal.net
Email: nlehman@wrightlegal.net
*Attorneys for Defendant,*
*OCWEN LOAN SERVICING, LLC*

Dana Jonathon Nitz, Esq.

Bob L. Olsen, Esq.
Charles E. Gianelloni, Esq.
V.R. Bohman, Esq.
SNELL & WILMER, LLP
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
T. (702) 784-5200
F. (702) 784-5252
Email: bolsen@swlaw.com
Email: cgianelloni@swlaw.com
Email: vbohman@swlaw.com
*Attorneys for Defendant,*
*EXPERIAN INFORMATION SOLUTIONS, INC.*

　　　　　　　　　　　　　　　*/s/ Eryn File*
　　　　　　　　　　　　　　An Employee of
　　　　　　　　　　　　　　KRAVITZ, SCHNITZER & JOHNSON, CHTD.